COLUMBUS BAR ASSOCIATION *v.* GRELLE.

(D. D. No. 84—Decided May 15, 1968.)

**210**

*Mr. Abraham Gertner, Mr. Robert R. Richards* and *Mr. Donald H. Rathbun,* for relator.

*Mr. George E. Tyack* and *Mr. James C. Justice,* for respondent.

*Per Curiam.* One of the major objections of respondent pertains to the conclusion of the board that his conduct violated Canon 6 of the Canons of Professional Ethics. Canon 6 reads as follows:

"Adverse Influences and Conflicting Interests.

"It is the duty of a lawyer at the time of retainer to disclose to the client all the circumstances of his relations to the parties, and any interest in or connection with the

controversy, which might influence the client in the selection of counsel.

"It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.

"The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed."

Respondent notes that there was no finding that he did not disclose to each of the Perines his representation of the other, and he argues that the evidence shows that there was, in fact, full disclosure of this mutual representation. We agree with respondent on this point. Dorothy Pinto testified at the hearing that when she went to the respondent's office it was with full knowledge and approval of her husband, Lloyd Perine. She also testified that she had previously agreed with Lloyd Perine that he would pay for any divorce received.

There was no misrepresentation by the respondent as to his position with respect to either of the parties. It appears that with respect to the separation agreement and the divorce appearance he was not primarily protecting anyone or advising anyone, but was rather carrying out the mutual wishes of the parties. Conflicting interests arose out of the separation agreement, but not until over a year after the divorce was final. Any representation of the wife by the respondent had long since ceased.

The agreement between the parties which had reference to a division of the net proceeds of the contemplated settlement of Mr. Perine's claim for damages contained no promise by the respondent to protect the rights assigned to Mrs. Perine at the time of distribution. There is no claim that there was any representation that attorney Grelle would represent her or protect her interest in that

212

fund upon distribution. It is understandable, however, that Mrs. Perine might have concluded that this was to be one of Mr. Grelle's functions. The fact that such misunderstandings are likely to occur under such circumstances must lead to the conclusion that only in the clearest cases should counsel hazard to represent interests which are or may become adverse, even after disclosing his dual representation.

In retrospect, this was not such a case. Too many experienced lawyers have accepted such employment in separation or divorce matters under such circumstances, only to ultimately abandon the interest of one or the other of their clients. In such instances of dual representation, a party disappointed in the financial results, as was Mrs. Pinto, may validly argue after the fact that the dual representation brought about the omission from the agreement of specific language protecting her upon distribution of the anticipated settlement fund.

At all events, when Mrs. Pinto filed her motion to reduce to judgment that part of the agreement drawn by respondent which gave her a one-third interest in the proceeds of the personal injury settlement, Mr. Grelle should have withdrawn from the matter. His failure promptly to disclose to Mrs. Perine the fact that a settlement had occurred and that distribution to Perine had been made, and his ardent advocacy of the husband's adverse interest to the agreement violated the second paragraph of Canon No. 6, and was unprofessional conduct which justifies a reprimand.

We find, however, in view of all the facts of this case, including his full disclosure to the parties of his position and their consent to that position, that Mr. Grelle did not violate his oath of office. In view of the previously unblemished record of the respondent the reprimand which we here impose is judged to be suitable disciplinary action.

*Judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.