USSURY, APPELLEE, v.
ST. JOSEPH HOSPITAL;
NORTHEAST OHIO EMERGENCY
AFFILIATES, APPELLANT.

(No. 54385—Decided
April 11, 1988.)

*Dworken & Bernstein Co., L.P.A., Patrick J. Perotti* and *Melvyn E. Resnick,* for appellee.

*Kitchen, Messner & Deery* and *Janet Dann,* for St. Joseph Hospital.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Michael M. Djordjevic* and *Paula L. Koenig,* for appellant Northwest Ohio Emergency Affiliates.

*Per Curiam.* We overrule the defendants-physicians' single assignment of error and affirm the challenged disqualification order.

Contrary to the plaintiff's argument, the contested order is appealable at this time as an order affecting a substantial right in a special proceeding. See *Russell* v. *Mercy Hospital* (1984), 15 Ohio St. 3d 37, 15 OBR 136, 472 N.E. 2d 695, syllabus. However, the trial court did not abuse its discretion by disqualifying the physicians' present counsel.

A member of the law firm which presently represents the defendants-physicians was previously a member of the law firm that represented the plaintiff in this case. He states that he had no direct communication with the plaintiff. However, the trial court had evidence that he reviewed materials

and gave advice relating to the plaintiff's case while at his former firm. He reportedly has no direct responsibility now for representing the defendants-physicians. Nevertheless, he has a professional duty to assist his new firm and their clients.

The trial court could reasonably conclude that the lawyer received protected confidences or secrets while his former firm represented the plaintiff. See DR 4-101(A). He cannot ethically use such confidential information to the disadvantage of the plaintiff, or the advantage of another without the plaintiff's consent. See DR 4-101(C)(2) and (3). His duty to preserve those confidences and secrets continued after he left his former firm. See EC 4-6. The knowledge he acquired while his former firm represented the plaintiff precludes his later representation of the defendants-physicians in the same case. Cf. OSBA Informal Opinion 75-8 (June 30, 1975).

The trial court could also reasonably conclude that he faces a conflict of interest which might unfairly prejudice the plaintiff, his former firm's client. DR 5-105(A) (duty to decline employment when it will adversely affect the lawyer's exercise of independent professional judgment); EC 5-14 (duty of undiluted loyalty to client); Canon 7 (duty to represent client zealously); *Columbus Bar Assn.* v. *Grelle* (1968), 14 Ohio St. 2d 208, 210-211, 43 O.O. 2d 305, 306, 237 N.E. 2d 298, 299; OSBA Informal Opinions 76-8 (July 20, 1976) and 77-13 (Sept. 2, 1977).

Consequently, the court did not abuse its discretion by disqualifying that lawyer from representing the defendants-physicians. Cf. *T.C. Theatre Corp.* v. *Warner Bros. Pictures, Inc.* (S.D.N.Y. 1953), 113 F. Supp. 265, 268-269; *Emle Industries, Inc.* v. *Patentex, Inc.* (C.A. 2, 1973), 478 F. 2d 562, 571.

The trial court could reasonably disqualify his entire new firm to protect the plaintiff from unfair prejudice, when it disqualified a member of that firm. DR 5-105(D); cf. *Silver Chrysler Plymouth, Inc.* v. *Chrysler Motors Corp.* (C.A. 2, 1975), 518 F. 2d 751; OSBA Formal Opinion 31 (1980), and Informal Opinion 76-8 (July 20, 1978).

The court did not abuse its discretion by disqualifying the lawyer's new firm, especially when it failed to demonstrate (a) how it would screen him off, so he would not advise them or their clients about any information he obtained or any recommendations he made for this plaintiff's case, (b) how they will deny him any benefit from its representation of the defendants-physicians, and (c) why its representation of the defendants-physicians has progressed so far that they would suffer unreasonable prejudice by changing counsel now. Cf. *United States* v. *Miller* (C.A. 3, 1980), 624 F. 2d 1198, 1204.

*Judgment affirmed.*

ANN MCMANAMON, P.J., MARKUS and WIEST, JJ., concur.

MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.