JOURNAL ENTRY AND OPINION
Defendant-appellant Victor Sanchez, pro se, appeals from an order of the trial court denying his pro se petition for post-conviction relief (R.C. 2953.21) without a hearing. Defendant claims the trial court erred in not holding a hearing where the defendant alleged ineffective assistance of counsel arising from conflicts of interest by his trial counsel in the representation of defendant and co-defendants at his 1991 trial. We find no error and affirm.
Defendant's contentions on this appeal relate to his claims that he was ineffectively represented by defense counsel, Jamie Serrat, who also formally represented his co-defendant brother, Jose Sanchez, at their joint trial for major drug offenses. Prior to the commencement of trial, and on the record, the trial court questioned defendant and his brother concerning a possible conflict of interest in their joint defense. Defendant and his brother chose to be represented by the same attorney and waived any claim of conflict of interest.
However, defendant's primary contention on this appeal is that, at the time of his trial, his attorney Serrat was also secretly or "off the record" representing yet another co-defendant, Jose Luis Perez-Pina, who was the major figure or drug lord/king-pin involved in the illicit drug running scheme in which they were all involved. Defendant essentially claims that, although Serrat was formally his trial counsel, Serrat's primary interest was in representing Perez-Pina from whom he received money and sacrificing defendant's interest in the process.
Defendant attaches to his petition an affidavit of Perez-Pina which indicates that Perez-Pina paid Serrat $15,000 as a retainer to represent him in the case. Said affidavit states that Serrat brought in another attorney, David Lambros, Esq., to represent Perez-Pina while Serrat represented the Sanchez brothers. Defendant contends these circumstances resulted in ineffective assistance of counsel depriving him of his constitutional rights.
These issues were already discussed by this Court in defendant's direct appeal in which this Court affirmed his convictions and denied his contentions in State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62796, unreported ("Sanchez I") to which reference is made for a full exposition of the facts. In denying defendant's post-conviction petition for relief, the trial court found that the claims were barred by res judicata and defendant failed to submit any evidentiary quality documents to support the claim of ineffective assistance of counsel.
We will discuss the defendant's assignments of error together as the issues they raise are closely interrelated.
 I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN THAT DURING TRIAL DEFENSE COUNSEL ACTIVELY REPRESENTED CONFLICTING INTERESTS WHICH ADVERSELY AFFECTED COUNSEL'S REPRESENTATION OF APPELLANT.
 II. THE TRIAL COURT PREJUDICIALLY ERRED BY DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE THE TRUTH OF HIS ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL, DUE TO COUNSEL REPRESENTING CONFLICTING INTERESTS.
It is well settled that a hearing is not automatically required to be held whenever a petition for post-conviction relief is filed. State, ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450
. The pivotal concern in determining whether to grant a hearing on a motion for post-conviction relief is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. State v. Swortcheck (1995), 101 Ohio App.3d 770,772; State v. Strutton (1988), 62 Ohio App.3d 248.
The post-conviction remedy statute, R.C. 2953.21 (C), states in pertinent part:
 *** Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
Pursuant to R.C. 2953.21 (C), the trial court herein dismissed defendant's post-conviction petition and issued findings of fact and conclusions of law on each issue raised in the petition. (Findings of Fact and Conclusions of Law filed January 21, 1999).
As the statute makes clear, "Courts are not required to hold a hearing on all post-conviction cases." McMonagle, supra, at 451, citing R.C. 2953.21 (C). This Court stated the test to be applied in determining the necessity of a hearing in State v. Pariseau
(Dec. 15, 1994), Cuyahoga App. No. 67496, unreported at 4-5:
 A petition for post-conviction relief may be dismissed without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson (1980), 64 Ohio St.2d 107. The test to be applied is "whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits and the files and records in the case." State v. Strutton (1988), 62 Ohio App.3d 248, 251. A petitioner satisfies his initial burden by submitting evidence outside the record sufficient to avoid dismissal. See State v. Williams (1991), 74 Ohio App.3d 686, 692.
We find that defendant's assignments of error are barred by the doctrine of res judicata. Because post-conviction petitions are quasi-civil, any claim that was or could have been raised at trial or on appeal is barred by the doctrine of res judicata. The Ohio Supreme Court has held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Furthermore, a petition for post-conviction relief alleging ineffective assistance of trial counsel may be dismissed without a hearing based on res judicata where the petitioner had new counsel on direct appeal and the claim of ineffective assistance of counsel could have been raised on direct appeal without resorting to evidence outside of the record. See State v. Lentz (1994).,70 Ohio St.3d 527, 530, citing State v. Cole (1982), 2 Ohio St.3d 112, at syllabus. Competent, relevant, and material evidence de hors the record may defeat the application of res judicata. State v. Lawson
(1995), 103 Ohio App.3d 307. However, this evidence must demonstrate that the petitioner could not have appealed the constitutional claim by use of information found in the original record. Id.
Defendant contends herein that a conflict of interest existed in the legal representation provided by attorney Serrat, and due to this conflict, he received ineffective assistance of counsel. He claims that Serrat secretly represented co-defendant Perez-Pina. However, this allegation is contrary to the trial court's record which shows that attorney Lambros represented co-defendant Perez-Pina and that Serrat represented defendant and his brother, Jose Sanchez, at trial. The issues of ineffective assistance of counsel due to this alleged conflict of interest were previously raised on appeal in Sanchez I and are now barred by the doctrine of resjudicata. The same is true of defendant's claim that Serrat also represented Perez-Pina. This Court stated as follows on these very points in Sanchez I:
 In order to establish a Sixth Amendment claim of ineffective assistance of counsel, "A defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan (1980), 466 U.S. 335, 348; State v. Manross (1988), 40 Ohio St.3d 180, 182; State v. Torres (May 21, 1992), Cuyahoga App. No. 60387, unreported at 1-2.
The Supreme Court in Manross further explained its position stating:
 "The term `conflict of interest' bespeaks a situation in which regard for one duty tends to lead to disregard of another. The obvious example of this is representation of clients with incompatible interests." Goitia v. United States (C.A.1, 1969), 409 F.2d 524, 527. A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose. Columbus Bar Assn. v. Grelle (1968), 14 Ohio St.2d 208, 43 O.O.2d 305, 237 N.E.2d 298. There is no conflict where the two defenses did not result in one assigning blame to the other and where both defendants had a common interest in attacking the credibility of the prosecution witnesses. Kaplan v. Bombard (C.A.2, 1978), 573 F.2d 708.
 In the case sub judice the evidence does establish that appellant's brother, Jose, had a more significant involvement with the drug enterprise. However, appellant was not merely guilty by association. Ortiz testified that appellant had a general involvement with the group for over six months. Further, Tomasi related several specific instances where appellant prepared, possessed, or was responsible for drugs and the proceeds of their sale. The differing degrees of culpability of appellant and his brother is insufficient to establish an actual conflict of interest. See Manross, supra, at 183. At best, this is merely basis for speculation.
 Furthermore, evidence concerning appellant's trial counsel's representation of another member of the drug enterprise was not before the jury. Accusations concerning his fee were not authenticated or presented to the jury either. Although appellant claims that his attorney and the former client he represented would have been able to testify as to his lack of involvement in the drug enterprise, such claim is purely speculative. Under Manross it does not establish an "actual conflict." The evidence presented clearly demonstrates appellant's significant involvement in the drug enterprise.
It is clear that the defendant raised both the issue of a conflict with his brother's counsel as well as Perez-Pina's counsel in his direct appeal in Sanchez I. Furthermore, defendant's own Statement of Facts (Aplt's Brf. at 2) acknowledges that Perez-Pina's name and telephone number were listed in a notebook along with Jaime Serrat's name and telephone number. The State intended to introduce "the book to show that Attorney Serrat had previously represented other individuals in the alleged drug enterprise and that he had been paid through the proceeds of cocaine sales." Thus, it was known that Serrat represented other co-defendants before defendant's case was ever tried. This representation was not a "secret" but known to defendant, defense counsel and the trial court. Accordingly, it is barred by res judicata. See Statev. Scudder (1998), 131 Ohio App.3d 470, 475:
 "`"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."'" (Emphasis added.) State v. Szefcyk (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233, 235, quoting State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.
 A petition for postconviction relief may be dismissed without a hearing, based upon the doctrine of res judicata, when the trial court finds that the petitioner could have raised the issues in his petition at trial or on direct appeal without resorting to evidence which is beyond the scope of the record. State v. Mullins (1995), 104 Ohio App.3d 684, 662 N.E.2d 1142.
Even assuming arguendo that the doctrine of res judicata is inapplicable to defendant's claim, he has still failed to show that he received ineffective assistance of counsel. This Court described the standard of review to make a showing of ineffective assistance of counsel in Lakewood v. Town (1995), 106 Ohio App.3d 521,525-26:
 The standard of review for ineffective assistance of counsel requires a two-part test and is set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, also, State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland at 687-688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The defendant must also prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.
Furthermore, when determining whether counsel's performance was deficient "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland v.Washington (1984), 466 U.S. 668, 689. A defendant's failure to satisfy either of the two Strickland tests is sufficient to dismiss the claim of ineffective assistance of counsel.
"In order to satisfy a Sixth Amendment claim of ineffective assistance of counsel, appellant must demonstrate that an actual conflict of interest adversely affected his counsel's performance."State v. Keith (1997), 79 Ohio St.3d 514, 535, citing Cuyler v.Sullivan (1980), 446 U.S. 335, 348, 100 S.Ct 1708, 64 L.Ed.2d 333. A reviewing court cannot presume that the mere possibility of a conflict of interest resulted in ineffective assistance of counsel. A possible conflict of interest is simply insufficient to challenge a criminal conviction. State v. Manross (1988), 40 Ohio St.3d 180;Cuyler, supra.
Defendant does not establish with any particularity either the conflict of interest or the adverse effect on Serrat's performance. The evidence presented by defendant in support of his petition was insufficient to support this ineffective assistance claim. Defendant submitted an affidavit signed by co-defendant Perez-Pina with a copy of a $3,000 check numbered 1723, and printed on the check was "Serrat Maso," "AOLTA Account." In this affidavit, Perez-Pina states that he contacted Serrat and that they agreed that Serrat would represent him on the criminal indictment for $15,000. Perez-Pina states that after he paid $8,000 to Serrat as a retainer, he realized that he had overpaid and that they agreed that Serrat would return the $3,000. Perez-Pina further states in his affidavit that he received several visits from Serrat while incarcerated and during such visits, Serrat would advise him of "all progress concerning the proceedings against me and discussed various strategies and lines of defense." He states that during one such visit, Serrat brought Lambros and informed him that Lambros would be his attorney of record.
Defendant asserts that this evidence establishes the existence of a conflict of interest. Even if we construe Perez-Pina's affidavit as true, this evidence still does not establish that an actual conflict of interest occurred. "When determining whether there are substantive grounds for post-conviction relief that would warrant a hearing, the affidavits offered in support of the petition should be accepted as true." State v. Swortcheck (1995),101 Ohio App.3d 770, 772. Defendant claims that Serrat favored Perez-Pina in actively exploring the possibility of a plea bargain and that Serrat never mentioned any plea bargain negotiations with defendant. However, this is insufficient as it is mere speculation as to the possibility of an actual conflict of interest. "A lawyer represents conflicting interest when, on behalf of one client, it is his duty to contend for that which duty to another client requires his to oppose." Sanchez, supra, citing Columbus Bar Assn.v. Grelle (1968), 14 Ohio St.2d 208.
As discussed above, we cannot presume that the mere possibility of a conflict of interest resulted in ineffective assistance of counsel. A possible conflict of interest is insufficient. Under Keith, supra, defendant must establish that an actual conflict of interest adversely affected his counsel's performance.
We find that there is no support in the record that defendant would have fared better if Serrat did not also represent Perez-Pina. Defendant offers no proof that the outcome of the trial would have been different or his role minimized had he a different or "independent" counsel. Even if Serrat jointly represented defendant, his brother and Perez-Pina at trial, there is still nothing in the record which establishes an actual conflict in Serrat's representation of defendant or that such a conflict adversely affected his representation. Accordingly, we find that defendant has failed to present sufficient evidence to support his post-conviction ineffective assistance of counsel claim.
Defendant also contends that he should be allowed an opportunity for discovery to further prove out his speculative theories. However, this Court in State v. Lott (Nov. 3, 1994). Cuyahoga App. Nos. 66388/66389/66390, found no error in the trial court's dismissal of Lott's petition without affording him an opportunity to conduct discovery pursuant to Civ.R. 56 (F) setting forth its reasoning as follows:
 [A]lthough a post-conviction relief proceeding under R.C. 2953.21 is civil in nature, the extent of the trial court's jurisdiction is set forth by the statute, and the power to conduct and compel discovery under the civil rules is not included within the trial court's statutorily-defined authority. * * * We agree and conclude that appellant was not entitled to conduct discovery under the rules of civil procedure in a post-conviction relief proceeding. It must be emphasized that a post-conviction proceeding under R.C. 2953.21 does not grant power to the trial court to authorize discovery under the Rules of Civil Procedure.
 A post-conviction relief proceedings is not a civil re-trial of appellant's conviction.
 Id. at 12; see, also, State v. Josso (Aug. 22, 1996), Cuyahoga App. Nos. 70350-70352, unreported at 4. We therefore find that the defendant was not entitled to further discovery prior to the trial court's dismissal of his petition for post-conviction relief.
Given the foregoing discussion, we find no error in the trial court's denial of defendant's petition for post-conviction relief without a hearing.
Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A. J., and TIMOTHY E. McMONAGLE, J., CONCUR.
_____________________________ JAMES M. PORTER, JUDGE
DETAILS (clarity deficiencies as necessary, items tested and test results)
First Inspection: Reinspection
Company representative: ___________ Company representative: _____________ (signed) (signed) ___________ _____________ (printed) (printed) Date: ___________ Date: ____________
Franchisee/Manager: ___________ Franchisee/Manager: ____________ (signed) (signed) ___________ ____________ (printed) (printed) Date: ___________ Date: ____________
[EDITORS' NOTE: THE SIGNATURES IS ELECTRONICALLY NON-TRANSFERRABLE.]