DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas, which rendered a decision on a pretrial motion to disqualify counsel and a judgment entry on a jury verdict for appellees the Toledo Hospital, Harold R. Stevens, M.D., Katchka, Friedman Crider, Inc. ("Katchka"), Robert P. Van Bergen, M.D., and McAlpine, Foster, Montesinos Van Bergen, Inc. For the reasons discussed below, we affirm the decision denying the motion to disqualify counsel and we reverse the judgment entry on the jury verdict.
This case has a long procedural history beginning in 1983, including previous appeals to this court and one review by the Supreme Court of Ohio. The case was twice tried to the trial court. This appeal involves alleged errors committed in connection with the second trial.
Prior to the second trial, E. J. Leizerman, counsel for appellants, discovered that a secretary who had previously worked for him had gone to work for James Jeffrey, counsel for appellees Harold R. Stevens, M.D. and Katchka. Contending that the secretary, Penelope Kreps, had worked with him on the instant case while in his employ, Leizerman averred in his affidavit that he contacted Jeffrey and suggested that Jeffrey withdraw as counsel. Leizerman stated that Jeffrey refused to withdraw, arguing that there was not a conflict of interest. Leizerman subsequently filed a motion to disqualify Jeffrey and his firm from their representation of Dr. Stevens and Katchka, which appellees Stevens and Katchka opposed.
On March 27, 1996, the trial court held an evidentiary hearing for the purposes of resolving the motion to disqualify. Leizerman spoke at the hearing and made certain representations to the court about Kreps' duties in his office. The court also took testimony from Kreps and appellant Gerald Costell. Additionally, the court made an in camera inquiry of Mr. Costell. In addition to the testimony and statements given at the evidentiary hearing, the trial court had before it several affidavits, including the affidavits of E.J. Leizerman, Suzanne McGibbeny and Brian Williams, former employees of Leizerman, appellants Gerald Costell and Delores Green, James Jeffrey, Penelope Kreps, and appellee Harold Stevens. In an opinion and judgment entry filed April 8, 1996, the trial court denied the motion to disqualify.
The case proceeded to trial for a second time. At the second trial, appellee Stevens proffered the prior testimony of Dr. Michael Nugent, who had testified live at the first trial. Appellants objected on the grounds that, pursuant to Evid.R. 804(B)(1), Stevens had not made a proper showing of Nugent's unavailability. The trial court overruled the objection, citing Civ.R. 32. The jury subsequently returned a verdict for appellees.
Appellants now appeal the denial of the motion to disqualify and the judgment on the jury verdict, setting forth two assignments of error:
 "1. The trial judge erred to the prejudice of plaintiffs by denying their Motion to Disqualify Counsel when the facts established that during the pendency of the litigation, the personal secretary/legal assistant of plaintiffs' counsel left that employment and became personal secretary to defendants' trial counsel, thereby creating the possibility if not the probability, that confidential matters relating to the case had been or would be disclosed to defendants's counsel. (See Opinion and Journal Entry of April 8, 1996)[.]
 "2. The trial judge erred to the prejudice of plaintiffs by overruling their objection to the reading of the prior trial testimony of Michael Nugent, M.D., where there was a failure to evidence unavailability as required by Evid.R. 804(A) and 804(B)(1), (TR. 974-976)."
In their first assignment of error, appellants challenge the trial court's denial of their motion to disqualify counsel. We review the trial court's ruling on this motion on an abuse of discretion standard of review. Centimark Corp. v. Brown SprinklerServ. (1993), 85 Ohio App.3d 485, 487. See, also, Ussury v. St.Joseph Hosp. (1988), 43 Ohio App.3d 48, 49. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Upon consideration of the merits of this assignment of error, we note that the controlling case, Kala v. AluminumSmelting Refining Co. (1998), 81 Ohio St.3d 1, had not yet been decided at the time that the trial court filed its opinion and journal entry denying the motion to disqualify counsel. Nevertheless, we review the trial court's decision on this issue under the law as it exists today. See, e.g., State ex rel. Boschv. Indus. Comm. of Ohio (1982), 1 Ohio St.3d 94, 98.
The Supreme Court of Ohio has established a test for trial courts to employ in ruling on pretrial motions to disqualify counsel. According to the Supreme Court, the trial court should conduct an evidentiary hearing and issue findings of fact using a three-prong test:
 "(1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
 "(2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 "(3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?"
 Kala, 81 Ohio St.3d 1, at syllabus. At least one Ohio appellate district has held that an attorney may be disqualified when a paralegal switches firms. Latson v. Blanchard (Sept. 30, 1998), Summit App. No. 18867, unreported, discretionary appeal not allowed (1999), 84 Ohio St.3d 1474. Similarly, we hold that the law as stated in Kala applies here as well since Kreps, a secretary, is alleged to be a key employee who was privy to confidential client information. See, e.g., American Motors Corp.v. Huffstutler (1991), 61 Ohio St.3d 343, 346 (stating that agents of lawyers are subject to all of the legal implications of the attorney-client and work product privileges).
In its decision denying the motion to disqualify, the trial court applied the substantial relationship test set out by the United States District Court for the Northern District of Ohio in Baker v. Bridgestone/Firestone, Inc. (N.D.Ohio., 1995),893 F. Supp. 1349, 1364. The district court in Baker stated:
 "In summary, the moving party to disqualify co-counsel bears the burden of proving that co-counsel has in fact been tainted. The movant may offer direct evidence of disclosure or, alternatively, may establish a presumption of taint by showing substantial communications, joint preparation for litigation or the apparent receipt of confidences. If the movant successfully raises the presumption, the opponent will have the opportunity to rebut it with material, probative evidence that points toward non-disclosure. If the presumption is rebutted, the movant may in some instances prove taint, depending on the persuasive force of his evidence when weighed against the rebuttal evidence." Id.
The substantial relationship test varies from the Kala test in several respects, most notably in the operation of a presumption: the substantial relationship test requires either proof of taint or evidence to establish a presumption of taint while the Kala
test allows for, in all cases, a presumption of shared confidences. Both tests allow the non-moving party to rebut the presumption.
The evidence before the trial court was remarkable in its inconsistency. Leizerman, McGibbeny, and Williams all agreed that Kreps was intimately involved in the instant litigation and that she was privy to trial strategy and potential witness testimony. Leizerman represented to the court that Kreps attended all of the trial preparation meetings and that she was at the courthouse every day during the first trial. He also stated that she was involved in trial preparation sessions before the second trial. In fact, Leizerman characterized Kreps as a member of the trial team. Costell testified that he spoke with Kreps numerous times during the litigation and that she sat with him in the hallway of the courthouse during the first trial. Like Leizerman, Costell testified that Kreps was present during trial preparation meetings.
Kreps, on the other hand, testified that, while the file of the instant case was accessible to her, she "didn't have much to do at all in this [case]." She testified that she might have typed correspondence but that she never attended any meetings, and she disputes Leizerman's characterization of her as a member of the trial team. She testified that she did not recall sitting in the courthouse hallway with witnesses during the trial, and she denied being at the courthouse everyday. Kreps also testified that she never discussed the instant case with anyone at Spengler Nathanson, Jeffrey's law firm. Similarly, Jeffrey averred in his affidavit that he did not know that Kreps had worked for Leizerman and only discovered this during a pretrial conference in the course of the litigation. He testified that Kreps has never discussed the case with him or, to his knowledge, anyone in his firm, and she has been instructed not to do so in the future. She has also been instructed to cease work (i.e., typing and filing) on the instant file.
Applying the substantial relationship test to this evidence, the trial court held that the prior litigation was substantially related to the present litigation but that there was no direct evidence of taint or any evidence to establish a presumption of taint. However, the court also stated that, even assuming that there was a presumption of taint, appellees had come forward with evidence sufficient to rebut the presumption. Since the controlling law stated in Kala requires a presumption of shared confidences, we will review for abuse of discretion the trial court's ruling that appellees successfully rebutted the presumption.[1]
The second prong of the Kala test requires the court to determine whether the presumption of shared confidences is rebutted by evidence that the attorney (or in this case, the attorney's agent) had no personal contact with or knowledge of the litigation in question. At the hearing, Kreps testified that she did not have confidences or secrets about the instant litigation to share with either Jeffrey or his firm. She testified that she did not sit in on trial preparation meetings, that she did not assist with witnesses, and that she had very little to do with the case except for possibly typing a few letters. The trial judge apparently credited this testimony, and we are not in a position to second-guess the trial judge's findings of fact. We therefore hold that the trial court did not abuse its discretion in finding that the presumption of shared confidences was rebutted.
The final prong of the Kala test requires the court to consider whether, if the attorney had personal knowledge of the litigation, the new firm set up a timely and adequate screen so as to rebut the presumption of shared confidences with the new firm. In this case, since the second prong of the test is not met, it is unnecessary to address the third prong. However, even assuming that the second prong was not met and that Kreps did have personal knowledge of the litigation, there was evidence in the record that Jeffrey took Kreps off the case as soon as he discovered her previous employment and that he instructed her not to discuss the case with anyone in his firm. Therefore, it was not an abuse of discretion for the trial judge to find that the new firm erected an adequate screen to rebut the presumption of shared confidences with the new firm. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to disqualify, and appellants first assignment of error is found not well-taken.
In their second assignment of error, appellants contend that the trial court erred in allowing appellees, over appellants' objection, to introduce the prior testimony of Dr. Nugent without an adequate showing of unavailability. At the second trial of this case, counsel for appellees Stevens and Katchka stated that he wished to call Dr. Nugent "by deposition." After some discussion, counsel clarified that he wished to call Dr. Nugent by trial transcript, that is, the testimony of Dr. Nugent from the first trial. Counsel for appellants objected that the testimony could not properly be read without proof of unavailability under Evid.R. 804(B)(1). Counsel for appellees Stevens and Katchka represented to the court that Dr. Nugent had retired from the Medical College of Ohio, that he was moving away, that he was in poor health, and that counsel did not wish to put Dr. Nugent through the stress of a new trial. The trial court overruled the objection, stating that Civ.R. 32 contains an exception for doctors. We review this ruling for abuse of discretion. In theMatter of Forrest S. (1995), 102 Ohio App.3d 338, 343.
Civ.R. 32 provides:
 (A) Use of depositions. Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing.
 At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any one of the following provisions:
" * * *.
"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
" * * *.
 "(e) that the witness is an attending physician or medical expert, although residing within the county in which the action is heard[.]"
Civ.R. 32, on its face, applies only to depositions. The testimony at issue is Dr. Nugent's prior trial testimony, not a deposition. Therefore, Civ.R. 32 does not apply, and Dr. Nugent's prior testimony is not admissible on this basis. SeeMercer v. Bok (March 27, 1986), Montgomery App. No. CA 9383, unreported; but, see, Sudbury v. The Arga Co. (Dec. 2, 1985), Clermont App. No. CA 85-03-015, unreported.
In addition, appellants contend that Dr. Nugent's prior trial testimony is inadmissible under Evid.R. 804. Evid.R. 804 provides, in pertinent part:
"(A) Definition of unavailability
 `Unavailability as a witness' includes situations in which the declarant:
" * * *.
 "(4) is unable to be present or to testify at the hearing because of death or then-existing physical or mental illness or infirmity; 
" * * *.
"(B) Hearsay exceptions
The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 "(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability."
It is well-established that the proponent of the evidence has the burden of showing that the declarant is unavailable. State v. Keairns (1984), 9 Ohio St.3d 228, 232;Banks v. D'Andrea (Sept. 23, 1997), Franklin App. No. 97APG03-321, unreported; Fisher Beverage Co. v. Teamsters Local Union No.957 (Jan. 9, 1987), Clark App. No. 2253, unreported; KelcoAircraft Co. v. Gates Learjet Corp. (Oct. 9, 1986), Cuyahoga App. Nos. 50516, 50531, unreported. At issue in this case is the manner in which this showing must be made. In a criminal case, the Supreme Court of Ohio held:
 "A showing of unavailability under Evid.R. 804 must be based on testimony of witnesses rather than hearsay not under oath unless unavailability is conceded by the party against whom the statement is being offered." Keairns, 9 Ohio St.3d 228, at paragraph three of the syllabus.[2]
The precise question raised by the second assignment of error is whether the Keairns requirement that unavailability be established through sworn testimony applies with equal force to civil cases.
As noted, Keairns was a criminal case, and its holding was based largely on the Confrontation Clause of theSixth Amendment to the United States Constitution. In the syllabus, however, the Court did not restrict its holding to criminal cases. See Keairns, 9 Ohio St.3d 228, at paragraph three of the syllabus. Consequently, several Ohio courts have applied paragraph three of the Keairns syllabus (requiring sworn testimony to prove unavailability) in civil cases. See, e.g., Armstrong v. A RTire Co., Inc. (Aug. 30, 1995), Summit App. No. 17102, unreported;Karst v. Goldberg (1993), 88 Ohio App.3d 413, 422; FisherBeverage, supra; Kelco Aircraft, supra. On the other hand, the Tenth Appellate District, in two separate civil cases, refused to apply Keairns, finding that paragraph three of the syllabus inKeairns applied only in criminal cases where the Confrontation Clause was called into play. See Banks, supra; State AutomobileMut. Ins. Co. v. Lytle (March 5, 1985), Franklin App. No. 84AP-424, unreported. Similarly, though not mentioning theKeairns case specifically, the Twelfth District Court of Appeals has held that sworn testimony of unavailability is required only in criminal cases; in civil cases, a "reasonable explanation" of the witnesses' absence, usually derived from unsworn representations of counsel, is sufficient to show unavailability under Evid.R. 804. Sudbury, supra.
We are persuaded by the reasoning of the appellate courts in the Second, Eighth, Ninth, and Tenth District Courts of Appeal, which have applied paragraph three of the Keairns syllabus in civil cases. In Ohio, the syllabus of a Supreme Court case states the controlling law. S.Ct.R.Rep.Op. 1(B). In Keairns, the Supreme Court did not state in paragraph three of the syllabus that its holding was limited to criminal cases; we must assume that the Court did not intend to do so. In this case, since counsel's unsworn statements to the trial court regarding Dr. Nugent's unavailability do not satisfy the requirements ofKeairns, the trial court abused its discretion in admitting Dr. Nugent's prior trial testimony. Accordingly, appellants' second assignment of error is found well-taken, and this case is remanded to the trial court for a new trial.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this opinion. Appellees are ordered to pay the court costs of this appeal.
Recognizing that our decision is in conflict with the Tenth Appellate District in Banks v. D'Andrea (Sept. 23, 1997), Franklin App. No. 97APG-03-321, unreported, and State Auto. Mut.Ins. Co. v. Lytle (March 5, 1985), Franklin App. No. 84AP-424, unreported, we hereby certify the record of this matter to the Supreme Court of Ohio to determine whether syllabus paragraph three of State v. Keairns (1984), 9 Ohio St.3d 228 applies to civil cases.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,J., JUDGES CONCUR.
 ____________________________ PIETRYKOWSKI, J.
[1] The trial court was correct in ruling that the first part of both tests, a substantial relationship between the prior litigation and the present litigation, was met.
[2] The court in Keairns stated that it was applying a two-prong test for the admissibility of hearsay. The first prong is a test of necessity, i.e., that the declarant is unavailable.
The second prong requires that the out-of-court statement contain indicia of reliability. Keairns, 9 Ohio St.3d at 230. The Court held that prior testimony is reliable, and only considered the unavailability issue. Id. We, too, consider the prior testimony to be reliable since it was given under oath and subject to cross-examination. Therefore, we will only consider the unavailability issue.