JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Randy Miller appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate the forfeiture order and reverse Miller's sentence and remand the case for resentencing.
 {¶ 2} Miller was charged in two separate cases. In case number 469745, Miller was charged with aggravated robbery and felonious assault on a peace officer. Miller pled guilty to an amended charge of aggravated assault, a felony of the fourth degree. The remaining count was dismissed by the state.
 {¶ 3} In case number 470495, he was charged with two second-degree felony drug charges and a felony-five possession of criminal tools. He pled guilty to attempted drug possession, a felony of the third degree, and the remaining counts were dismissed by the state.
 {¶ 4} At sentencing the court stated the following:
"I'm going to sentence the defendant in case number 469745, afelony of the fourth degree, to 17 months in prison. LorainCorrectional Institute.
 "In case number 470495, a felony of the third degree. Oneyear. Minimum mandatory time. No judicial release will bepermitted during that period of time. Both sentences runconcurrent with each other.
 "You'll receive jail credit of 61 days. Pay a fine of $5,000,plus costs. Driver's license suspended for four years."
 {¶ 5} The journal entries indicate that there was a $5,000 fine ordered in both cases. Miller filed a motion to vacate the mandatory fine in case number 470495 and a motion to modify sentence in case number 469745. Both motions were denied without a hearing.
 {¶ 6} Finally, the court signed a journal entry forfeiting $1,056 in U.S. currency recovered in case number 470495.
 {¶ 7} Miller appeals, advancing four assignments of error for our review. Miller's first assignment of error states the following:
 {¶ 8} "Defendant was denied due process of law when the court's journal entry of sentencing imposed a fine when there was no oral pronouncement of any fine."
 {¶ 9} Miller complains that his due process rights were violated because the court ordered a fine in its journal entry when one was not announced during sentencing.
 {¶ 10} Crim.R. 43(A) provides as follows: "The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *." Crim.R. 43(A) clearly requires the presence of the defendant when one sentence is vacated and a new sentence is imposed. State v. Bell (1990),70 Ohio App.3d 765, 773, citing Columbus v. Rowland (1981),2 Ohio App.3d 144, 145. "Moreover, in order to modify a sentence pronounced in open court, it is necessary for the modification to be formalized in a journal entry, even though the original sentence was not journalized. State v. Sweeney (Apr. 1, 1982), Cuyahoga App. No. 43810, unreported; State v. Butler (1974),44 Ohio App.2d 177, 337 N.E.2d 633." Bell at 773.
 {¶ 11} In case number 470495, for Miller's attempted drug possession plea, the trial court was required to impose "a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense" pursuant to R.C. 2929.18(B)(1) and 2925.11(E)(1)(a). Since Miller's attempted drug possession plea was a felony of the third degree, the trial court was required to impose a fine of at least $5,000, which is one-half of the maximum fine.
 {¶ 12} In case number 469745, Miller pled guilty to aggravated assault, a felony of the fourth degree. With regard to the fine, the trial court had the discretion to impose a fine of an amount up to $5,000. See R.C. 2929.18(A)(3)(d) and 2903.12.
 {¶ 13} Our review of the record reveals that a fine of $5,000 was ordered at the sentencing hearing; however, it is unclear in which case the fine was ordered. Yet, the journal entries indicate that a $5,000 fine was ordered in each case. Since the sentence imposed in open court is ambiguous as to the fine, we conclude that justice will be best served by remanding these cases for resentencing. See State v. Stevenson (Aug. 24, 1995), Cuyahoga App. No. 68231.
 {¶ 14} Miller's first assignment of error is sustained.
 {¶ 15} Miller's second assignment of error states the following:
 {¶ 16} "Defendant was denied due process of law when the court signed a journal entry forfeiting property without a hearing."
 {¶ 17} Miller argues that there was no agreement to forfeit the money recovered; therefore, he should have been given notice and a hearing, pursuant to R.C. 2933.43, prior to the trial court's signing the journal entry ordering forfeiture. When forfeiture is part of the plea agreement, adherence to the forfeiture procedures laid out in R.C. 2933.43 is unnecessary.State v. McGuire, Cuyahoga App. No. 86608, 2006-Ohio-1330. However, when it is not part of the plea agreement, the state is required to file a petition for the forfeiture and the court must hold a hearing on the forfeiture within forty-five days of the conviction. R.C. 2933.43(C).
 {¶ 18} In this case, the state did file the appropriate petition for forfeiture; however, according to the record, voluntary forfeiture was not part of the plea agreement. As a result, the court was required to hold a hearing on the forfeiture within forty-five days of Miller's conviction. SeeState v. Roberts (Feb. 9, 1995), Cuyahoga App. No. 66692. Consequently, the order of forfeiture is vacated.[1]
 {¶ 19} Miller's second assignment of error is sustained.
 {¶ 20} Miller's third assignment of error states the following:
 {¶ 21} "Defendant was denied due process of law when the court overruled defendant's motion to vacate a mandatory fine."
 {¶ 22} Miller complains that the trial court should have vacated the mandatory fine because the trial court never informed Miller what the mandatory fine was, in violation of Crim.R. 11. In addition, Miller argues that because he pled guilty toattempted possession of drugs, the mandatory fine is inapplicable.
 {¶ 23} Crim.R. 11(C)(2)(a) states as follows:
"(2) In felony cases the court may refuse to accept a plea ofguilty or a plea of no contest, and shall not accept a plea ofguilty or no contest without first addressing the defendantpersonally and doing all of the following:
 "(a) Determining that the defendant is making the pleavoluntarily, with understanding of the nature of the charges andof the maximum penalty involved, and, if applicable, that thedefendant is not eligible for probation or for the imposition ofcommunity control sanctions at the sentencing hearing."
 {¶ 24} Here, the trial court informed Miller that there was a mandatory maximum fine of $10,000, which is all that is required by Crim.R. 11. Therefore, Miller's argument that he was not informed of what the mandatory fine would be is without merit.
 {¶ 25} Miller pled guilty to attempted possession of drugs in violation of R.C. 2923.02 and 2925.11. The attempt statute states the following:
"R.C. 2923.02(E) Whoever violates this section is guilty of anattempt to commit an offense. * * * An attempt to commit a drugabuse offense for which the penalty is determined by the amountor number of unit doses of the controlled substance involved inthe drug abuse offense is an offense of the same degree as thedrug abuse offense attempted would be if that drug abuse offensehad been committed and had involved an amount or number of unitdoses of the controlled substance that is within the next lowerrange of controlled substance amounts than was involved in theattempt."
 {¶ 26} Miller was originally charged with possession of drugs in an amount equal to or exceeding 100 grams but less than 500 grams. As charged, it is a felony of the second degree. According to R.C. 2923.02(E), when the attempt statute is added, a defendant will be punished according to the next lower range, which is an amount equal to or exceeding 25 grams but less than 100 grams, which is a felony of the third degree. A felony-three drug possession charge requires that the court impose a mandatory fine of not less than $5,000 but no more than $10,000. See R.C.2925.11(E)(1)(a) and 2929.18(B)(1). Therefore, Miller's argument that the mandatory fine is inapplicable because he pled guilty to attempted possession of drugs is without merit.
 {¶ 27} Miller's third assignment of error is overruled.
 {¶ 28} Miller's fourth assignment of error states the following:
 {¶ 29} "Defendant was denied due process of law when the court sentenced defendant to more than a minimum sentence for a felony of the fourth degree and failed to consider the statutory criteria for imposing a sentence or determining whether the offense is more or less serious than conduct normally constituting the offense."
 {¶ 30} Miller complains that the trial court failed to make the required findings under R.C. 2929.13(B)(1) for overcoming the presumption of community control sanctions for his felony-four aggravated assault. Miller also asserts that the trial court did not determine, in accordance with R.C. 2929.12, whether the offense in this case was more or less serious than conduct normally constituting the offense. Finally, Miller argues that there is no indication that the trial court considered the overriding purposes of felony sentencing as set forth in R.C.2929.11.
 {¶ 31} In State v. Foster, 109 Ohio St.3d 1, 22,2006-Ohio-856, the Ohio Supreme Court stated the following:
"Community control is the default sentence for felonies of thefourth and fifth degree, except for those identified as mandatoryprison offenses. R.C. 2929.13(B)(2)(b) states that `if the courtdoes not make a finding described in division (B)(1)(a), (b),(c), (d), (e), (f), (g), (h), or (i) of this section and if thecourt, after considering the factors set forth in section 2929.12of the Revised Code, finds that a community control sanction orcombination of community control sanctions is consistent with thepurposes and principles of sentencing set forth in section2929.11 of the Revised Code, the court shall impose a communitycontrol sanction or combination of community control sanctionsupon the offender.' On the other hand, if the court makes one ofthe findings in R.C. 2929.13(B)(1)(a) through (i) and also findsthat `a prison term is consistent with the purposes andprinciples of sentencing' and that `the offender is not amenableto an available community control sanction,' the court shallimpose a prison term. * * *
 "If the appropriate findings are made, the court has nodiscretion and must impose a prison term; however, the statutedoes not prevent a court from imposing a prison term withoutthese findings. There is no presumption in favor of communitycontrol, in other words. If no findings are made under R.C.2929.13(B)(1)(a) through (i), the court must find that acommunity control sanction meets the principles of sentencingunder R.C. 2929.11 before it must impose community control. Thus,a judge who does not make one of the (B)(1) findings and does notfind that community control is a sufficient sanction could stillimpose a prison term."
 {¶ 32} Thus, "R.C. 2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C.2929.13(B) findings." Id. at 23.
 {¶ 33} In this case, the trial court imposed a 17-month prison sentence for the felony-four aggravated assault without making any of the R.C. 2929.13(B) findings. According to Foster
and R.C. 2929.13(B)(2)(a), the trial court is not required to make findings in order to impose prison under these circumstances; therefore, the trial court did not err when it sentenced Miller to prison without making R.C. 2929.13(B) findings. As for the trial court's considering the factors set forth in R.C. 2929.12 and the overriding principles and purposes of sentencing as set forth in R.C. 2929.11, the trial court stated at the sentencing hearing: "Prior to coming on the bench today, I had the opportunity to review the entire case file, the Presentence Investigation Report, Revised Section 2929.11 for the principles and purposes of sentencing, Revised Code Section2929.12 for the seriousness and recidivism factors, and Revised Code Section 2929.13 and other Revised Code Sections for felony sentencing of the fourth degree and third degrees."
 {¶ 34} In State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, decided the same day as Foster, the Supreme Court of Ohio held that the portions of the sentencing code to beconsidered include the purposes of felony sentencing in R.C.2929.11, and the seriousness and recidivism factors in R.C.2929.12. The court must also consider the record, any information presented at the sentencing hearing, any presentence investigation report, and any victim impact statement. R.C.2929.19(B)(1); Mathis at ¶ 37.
 {¶ 35} Here, the record reflects that the trial court took into consideration the underlying principles and purposes of sentencing and the seriousness and recidivism factors. As a result, Miller's argument is without merit. Accordingly, Miller's fourth assignment of error is overruled.
Forfeiture vacated, sentence reversed, cause remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Milligan, J.,* concur.
[1] Because Miller's sentence is reversed and the forfeiture order is vacated, Miller is technically not "convicted." A "conviction" includes both the guilt determination and the penalty imposition. State v. Goff, 82 Ohio St.3d 123, 135,1998-Ohio-369.
* Sitting by assignment: Judge John R. Milligan, retired, of the Fifth District Court of Appeals.