DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Eric Ortiz, appeals his conviction and sentence out of the Lorain County Court of Common Pleas. This Court reverses.
 I. {¶ 2} On May 25, 2005, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree. On June 1, 2005, counsel was appointed to represent appellant. Trial was scheduled to begin on May 1, 2006; but appointed counsel moved for a continuance on April 28, 2006.
The trial court granted the continuance and rescheduled the trial for June 26, 2006. *Page 2 
On May 24, 2006, alternate retained counsel filed a notice of appearance and a motion to continue the trial due to scheduling conflicts.
 {¶ 3} On June 16, 2006, retained counsel filed a motion to withdraw, alleging that "the relationship between Counsel and [appellant] has broken down and is beyond repair." In the same motion, retained counsel requested a psychiatric evaluation of appellant "in light of his family's assertion of [appellant's] diminished comprehension capacity." On June 20, 2006, the trial court held a hearing on the motion to withdraw, at which retained counsel again raised the issue of appellant's competence to stand trial. On June 21, 2006, the trial court issued a journal entry, denying counsel's motion to withdraw and denying appellant's request for a psychiatric evaluation.
 {¶ 4} The matter proceeded to trial as scheduled. At the conclusion of trial, the jury found appellant guilty. Immediately thereafter, appellant renewed his motion for a psychiatric evaluation. The trial court granted the motion, stating "it isn't going to hurt anything by conducting that, and I will order a psychiatric [evaluation]." On July 17, 2006, however, the trial court issued a journal entry in which it denied appellant's motion for a post-trial psychiatric evaluation upon further consideration.
 {¶ 5} Prior to sentencing on August 21, 2006, the trial court found appellant to be a sexually oriented offender, notified him of his duty to register, and sentenced appellant to a five-year prison term. Appellant timely appeals, *Page 3 
setting forth four assignments of error for review. This Court finds that our disposition of appellant's first assignment of error is dispositive of the appeal.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT VIOLATED APPELLANT'S STATUTORY AND CONSTITUTIONAL RIGHT TO A COMPETENCY HEARING."
 {¶ 6} Appellant argues that his conviction and sentence should be vacated and the matter remanded for new trial, because the trial court failed to hold a hearing to determine whether appellant was competent to stand trial. This Court agrees.
 {¶ 7} "Fundamental to our adversarial system of justice is the due process right of a criminal defendant who is legally incompetent not to be subjected to trial." State v. Were (2002), 94 Ohio St.3d 173, 174; see, also, Pate v. Robinson (1966), 383 U.S. 375; Drope v. Missouri
(1975), 420 U.S. 162. Further, R.C. 2945.37(B) states, in relevant part:
 "In a criminal action in a court of common pleas * * * the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section."
R.C. 2945.37(G) provides that, while a defendant is presumed competent to stand trial, the court shall find the defendant incompetent to stand trial if the court finds by a preponderance of the evidence after a hearing that the defendant is incapable *Page 4 
of understanding the nature and objective of the proceedings against him or of assisting in his own defense. The Ohio Supreme Court has held that R.C. 2945.37(B) mandates by its express language that the trial court hold a competency hearing if the issue of the defendant's competence is raised prior to trial. Were, 94 Ohio St.3d at 175.
 {¶ 8} In this case, counsel raised the issue of appellant's competence in counsel's motion to withdraw. At the hearing on the motion to withdraw, counsel again moved the trial court for an order for a psychiatric evaluation of appellant based on assertions by appellant's mother and aunt that appellant has the comprehension of a third grader. On the record, counsel stated, "Facts, the information I got from his aunt and from his mother about [appellant's] ability to comprehend, I'm wondering is he even competent to stand trial."
 {¶ 9} The trial court denied the request for a psychiatric evaluation and ordered that trial would proceed the following Monday as scheduled. The court stated that if something came up during trial to raise concerns about appellant's competency, then the court would reconsider. Without engaging in any colloquy with appellant to determine whether he had the ability to consult with his attorney or understand the nature of the proceedings, the trial judge asserted that appellant seemed "very sound" to him.
 {¶ 10} Appellant requested that he be allowed to address the court. Appellant informed the court that he had never been in trouble before, that he did *Page 5 
not know how the system works, that he does not understand everything, that he cannot talk to people, that he forgets easily, and that he cannot comprehend. The trial court responded that appellant had a competent lawyer and that appellant should rely on counsel.
 {¶ 11} The State asserted that the issue of competency is to determine whether a criminal defendant understands the varying roles of the people involved and what the possible outcomes of the case might be. The State added that Dr. Haglund should "take a look" at appellant if the representation is that appellant does not understand what everybody's role is or the possible penalties he is facing. Instead of questioning appellant regarding his understanding, the trial court asserted on appellant's behalf the following: "I think [appellant] pretty much knows who you are, obviously, the prosecutor; knows pretty much who I am, the man in the black nightgown, okay, and presides over this matter; and the man in the gray suit is your lawyer." The trial court then reiterated its denial of appellant's request for a psychological evaluation to support a determination of appellant's competency or incompetency to stand trial.
 {¶ 12} The issue of appellant's competency was raised twice before trial. The trial court refused to order a psychological evaluation or hear any other evidence to determine whether appellant was competent to stand trial. Further, the trial court failed to engage in any colloquy with appellant to determine whether he understood the nature of the proceedings against him or whether appellant had *Page 6 
sufficient present ability to consult with his counsel. The statute requires the trial court to hold such a hearing when the issue of competency is raised prior to trial. The trial court failed to do so. Accordingly, this Court finds that the trial court did not satisfy the hearing requirement of R.C. 2945.37(B). See Were, 94 Ohio St.3d at 175. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT A COMPETENCY EVALUATION."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S REQUEST TO WITHDRAW IN CONTRAVENTION OF APPELLANT'S RIGHT TO COUNSEL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION."
 ASSIGNMENT OF ERROR IV "THE VERDICT OF THE JURY FINDING APPELLANT GUILTY OF RAPE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 [sic] OF THE OHIO CONSTITUTION."
 {¶ 13} Because this Court's resolution of appellant's first assignment of error is dispositive of the appeal, we decline to address appellant's remaining assignments of error. *Page 7 
 III. {¶ 14} Appellant's first assignment of error is sustained. This Court declines to address the remaining assignments of error. Appellant's conviction, sentence and classification as a sexually oriented offender are vacated, and the judgment is reversed and the cause remanded for a new trial.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 WHITMORE, P. J., MOORE, J., CONCUR *Page 1