JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Randy Miller (appellant) appeals his driver's license suspension and fine, both imposed at a resentencing hearing involving two separate felony cases. After reviewing the facts of the case and pertinent law, we again reverse and remand for resentencing.
 I {¶ 2} On December 4, 2006, the court held a resentencing hearing in Cuyahoga County Common Pleas Case Nos. CR-469745 and CR-470495, after we reversed and remanded the original sentence on appeal. See State v.Miller, Cuyahoga App. No. 87396, 2006-Ohio-4894 (Miller I). We remandedMiller I, holding the following:
 "Our review of the record reveals that a fine of $5,000 was ordered at the sentencing hearing; however, it is unclear in which case the fine was ordered. Yet, the journal entries indicate that a $5,000 fine was ordered in each case. Since the sentence imposed in open court is ambiguous as to the fine, we conclude that justice will be best served by remanding these cases for resentencing."
 {¶ 3} At the December 4, 2006 hearing, the court imposed the following new sentence:
 Case No. 469745 — in which appellant pled guilty to aggravated assault in violation of R.C. 2903.12, a fourth degree felony — 17 months in prison, a four-year driver's license suspension (to end on October 31, 2009, which is four years after the Miller I sentence date), and a $5,000 fine.
 Case No. 470495 — in which appellant pled guilty to attempted drug possession in violation of R.C. 2925.11 and 2923.02, a third degree felony with mandatory prison time — 12 months in prison to run concurrent with Case No. 469745, and a $5,000 fine. *Page 4 
 {¶ 4} Appellant now appeals his new sentence.
 II {¶ 5} In his first assignment of error, appellant argues that he "was denied due process of law when the court imposed a license suspension for an aggravated assault conviction."
 {¶ 6} Pursuant to R.C. 2925.11(E)(1) and (2), when an offender is sentenced for felony drug possession under this statute, in addition to imprisonment and a fine, "[t]he court shall suspend for not less than six months or more than five years the offender's driver's * * * license * * *." See, also, State v. Thompkins (1996), 75 Ohio St.3d 558, 561
(holding that mandatory driver's license suspensions for "all drug offenders, regardless of whether a motor vehicle was used in the commission of the offense" are constitutional, and serve "as an effective means to protect other drivers and passengers on the roads and to deter future drug use and punish offenders").
 {¶ 7} In the instant case, when appellant was sentenced in MillerI on October 31, 2005, the court suspended his driver's license in conjunction with Case No. CR-470495, which is the drug possession case. However, we vacated that sentence, and the December 4, 2006 resentencing is under scrutiny in this appeal. A careful review of the somewhat confusing record shows that both in open court and according to the journal entry, the court suspended appellant's driver's license in Case No. CR-469745, which is the aggravated assault case. *Page 5 
 {¶ 8} The trial court did not have the authority to suspend appellant's driver's license as part of a sentence for aggravated assault. We deduce from the record that the court intended to connect the license suspension with the drug case, which is proper and reflects the Miller I sentence. However, during resentencing the court confused the two case numbers, resulting in a new sentence that is technically contrary to law. See State v. Jordan, 104 Ohio St.3d 21, 27,2004-Ohio-6085 (holding that "if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing").
 {¶ 9} Accordingly, appellant's first assignment of error is sustained.
 III {¶ 10} Appellant's second and third assignments of error will be addressed together, and they read as follows: "Defendant was denied due process of law when the court imposed a fine of five thousand dollars," and "Defendant was denied due process of law when the court imposed a mandatory fine and refused to vacate the mandatory fine due to defendant's indigency."
 {¶ 11} In the instant case, the court imposed two $5,000 fines at the resentencing hearing, one for each case, and it is unclear from appellant's brief which one he is appealing. As such, we address both of them and find that both are proper.
 {¶ 12} In Case No. CR-469745, appellant was sentenced for aggravated assault, a fourth degree felony. Pursuant to R.C. 2929.18(A)(3)(d), the court had discretion to fine appellant up to $5,000. In Case No. CR-470495, appellant was sentenced for *Page 6 
attempted drug possession, a third degree felony. Pursuant to R.C.2929.18(A)(3)(c) and (B)(1), the court was required to fine appellant at least one half of, but not more than, $10,000. The fine imposed against appellant was within the court's discretion.
 {¶ 13} Furthermore, R.C. 2929.18(B)(1) states the following regarding indigency:
 "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
 {¶ 14} No such affidavit was filed under either case. Appellant's second and third assignments are not well taken, although they are rendered moot given our disposition of his first assignment of error.
 {¶ 15} Sentence is reversed and this cause is remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR. *Page 1