JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Jerome Dismukes, appeals the judgment of the Cuyahoga County Court of Common Pleas that found him to be in violation of community control sanctions and sentenced him to a prison term of five years, along with post-release control. For the reasons stated herein, we affirm.
 ¶ 2} On March 4, 2004, Dismukes was indicted on one count of burglary, four counts of felonious assault with firearm specifications, and one count of improperly discharging a firearm at or into a habitation, with firearm specifications, which was later amended to an attempt charge. On July 19, 2004, Dismukes pled guilty to burglary (R.C. 2911.12) and attempted improper discharge of a firearm at or into a habitation (R.C.2923.02/2923.161). The remaining counts were nolled.
 ¶ 3} A sentencing hearing was held on August 17, 2004, at which the trial court imposed a sentence of "[$]250 in costs; five years at the Lorain Correctional Institution, the sentence will be suspended; [you will] be placed on probation for a period of five years." Further, the trial court specifically informed Dismukes as follows: "I send all probation violators to prison. If you decide to commit an act that causes you to be found in violation of your probation, upon such finding you will be sent to prison * * *. And you're going to go to prison for five years, and I won't change it." The sentencing order provided that a violation of the terms and condition of the community control sentence "may result in more restrictive sanctions, or a *Page 4 
prison term of 5 year(s) as approved by law. (5 years on count 1, 4 years on count 6, counts to run concurrently)."
 {¶ 4} On or about November 22, 2006, following a hearing, the trial court found that Dismukes was in violation of the community control sanctions and imposed the five-year prison term with three years of post-release control.[1]
 {¶ 5} On December 18, 2006, Dismukes filed this appeal. Dismukes has raised three assignments of error for our review. His first assignment of error provides as follows:
 {¶ 6} "I. The trial court erred by sentencing appellant to the statutory maximum."
 {¶ 7} As an initial matter, we recognize that Dismukes is challenging the sentence imposed by the trial court upon the violation of his community control sanctions. It has been held that "a sentence reserved in the event of a violation of community control sanctions is not ripe for review until the trial court has imposed the sentence for the violation of a defendant's community control." State v. Smith, Defiance App. No. 4-06-18, 2006-Ohio-5149, citing State v. Ogle, Wood App. No. WD-01-040, 2002-Ohio-860; see, also, State v. Brown (Mar. 22, 2001), Cuyahoga App. No. 77875. *Page 5 
 {¶ 8} Dismukes challenges the trial court's imposition of the statutory maximum sentence. However, a review of the record reflects that Dismukes did not receive the statutory maximum for the offenses to which he pled guilty.
 {¶ 9} Dismukes received a sentence of five years in prison plus three years of post-release control under R.C. 2967.28. No transcript was filed for the probation violation hearing. A transcript was filed from the original sentencing hearing. It appears from this record that the court imposed the suspended sentence upon Dismukes after he violated the terms of his community control. This sentence included a prison term of five years for the burglary count, four years on the attempted improper discharge of a firearm count, with both counts to run concurrently, for a total prison term of five years. Neither of the terms was the statutory maximum.
 {¶ 10} Dismukes pled guilty to burglary in violation of 2911.12(A)(1), a felony of the second degree. Pursuant to R.C. 2929.14(A)(2), "for a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." Dismukes received a term of five years on this count.
 {¶ 11} Dismukes also pled guilty to attempted improper discharge of a firearm at or into a habitation in violation of R.C.2923.02/2923.161(A)(1), a felony of the third degree. Pursuant to R.C.2929.14(A)(3), "for a felony of the third degree, the prison term shall be one, two, three, four, or five years." Dismukes received a term of four years on this count. *Page 6 
 {¶ 12} Thus, neither term was a statutory maximum. Nevertheless, Dismukes complains that he received a greater-than-minimum sentence. He argues that he had no felony record, that he was initially given probation, and that his probation violation was related to drug tests, not assault or violence, like the underlying offenses for which he was put on probation. Dismukes further claims that certain findings were not made by the trial court.
 {¶ 13} Under Ohio law, judicial fact-finding is no longer required before a court imposes maximum, consecutive, or more than the minimum prison terms. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Instead, the trial court is vested with full discretion to impose a prison term within the statutory range. Id.; State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself."Mathis, supra. Therefore, post-Foster, trial courts are still required to "consider" the general guidance factors in their sentencing decisions; however, there is no requirement that this be done on the record. See State v. Harrison, Cuyahoga App. No. 88957, 2007-Ohio-3524.
 {¶ 14} In the instant matter, the trial court exercised its discretion in imposing prison terms within the statutory range for each offense. Prior to sentencing, the *Page 5 
court obtained a presentence investigation report ("PSI"). That report indicated Dismukes was estranged from his then wife, and a divorce was finalized a few months after this incident. The complainant was Dismukes's then mother-in-law, who claimed that Dismukes was shooting a gun in her driveway. Her boyfriend also provided a written statement, and he indicated that Dismukes wanted his children and wife out of the house. He stated that after he encountered Dismukes in the driveway, Dismukes obtained something from a truck in the street and then walked toward the house. The boyfriend heard two shots and observed Dismukes run toward the truck. A later search of the crime scene located a bullet hole in the garage. The boyfriend further stated that after he got into his vehicle and was followed by Dismukes, Dismukes shot at him twice. Although details of the burglary charge were not contained in the PSI, Dismukes conceded to entering the house of his mother-in-law through a window, and he pled guilty to the charges set forth above. In the PSI, Dismukes denied that he had a gun.
 {¶ 15} The PSI indicated certain recidivism factors, including that Dismukes had been drinking on the date of the incident and that Dismukes had prior adult misdemeanor convictions. Seriousness factors included that the relationship with the victim facilitated the offense and that the offender's wife, children, and mother-in-law were involved in the offense.
 {¶ 16} At the sentencing hearing, the trial court also considered statements from Dismukes's counsel, responses from Dismukes, letters written on behalf of *Page 6 
Dismukes, and statements from Dismukes's ex-wife. Moreover, the trial court considered seriousness and recidivism factors relevant to the offense and the offender. The trial court considered the relationship of the parties and that Dismukes had no prior felony convictions, that nobody was physically hurt in the incident, that Dismukes had shown genuine remorse, and that the circumstances were unlikely to recur.
 {¶ 17} We find that under these circumstances, the trial court complied with its duties as expressed in State v. Foster, supra. This court, therefore, cannot find Dismukes's sentence is contrary to law pursuant to R.C. 2953.08(A)(4). Dismukes's first assignment of error is overruled.
 {¶ 18} Dismukes' second assignment of error provides as follows:
 {¶ 19} "II. Appellant was denied due process through ineffective assistance of counsel."
 {¶ 20} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. In Ohio, there is a presumption *Page 7 
that a properly licensed attorney is competent. State v. Calhoun,86 Ohio St.3d 279, 1999-Ohio-102.
 {¶ 21} In this case, Dismukes argues that he was appointed new counsel at the probation violation hearing and that said counsel had no opportunity to investigate the case or discuss the evidence with his client. Dismukes further claims that his assigned counsel persisted in waiving probable cause and that the decision to do so did not follow a rigorous investigation. Dismukes states that no independent laboratory analysis was conducted with respect to the results of his drug test and that his counsel was ineffective in failing to conduct an investigation that could have yielded mitigating evidence.
 {¶ 22} Dismukes has failed to meet the test for ineffective assistance of counsel. Dismukes fails to state what mitigating factors should have been presented or that such factors would have yielded a different outcome. Further, Dismukes fails to show that but for any of the claimed errors, the result would have been different. Accordingly, Dismukes's second assignment of error is overruled.
 {¶ 23} Dismukes's third assignment of error is as follows:
 {¶ 24} "III. The sentence in this case violates the United States Constitution's Eighth Amendment ban on cruel and unusual punishment."
 {¶ 25} Under his third assignment of error, Dismukes contends that it was improper for the judge to sentence him to five years in prison as a consequence of smoking marijuana or driving under suspension. That is simply not the case. *Page 8 
Dismukes's sentence stemmed from his burglary and attempt convictions. Dismukes was aware of the potential consequences that would result from his failure to abide by the terms and conditions imposed as part of the community control sanctions. Dismukes's actions in violating his probation subjected him to having the suspended sentence imposed for the burglary and attempt charges. The sentence imposed was within the discretion of the trial court and within the statutorily permitted range for the offenses charged. Dismukes's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR
[1] The record reflects that this was Dismukes's second violation of his community control sanctions. *Page 1