JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ronald Dovak ("appellant"), appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case, on July 10, 2007, appellant was indicted by the Cuyahoga County Grand Jury for receiving stolen property, a motor vehicle, in violation of R.C. 2913.51, and operating a motor vehicle while under the influence, in violation of R.C. 4511.19. On July 23, 2007, appellant pled guilty to the indictment. He was sentenced to 17 months for receiving stolen property and sentenced to the maximum, five years, for operating a motor vehicle while under the influence. The sentences were imposed concurrently. Appellant now appeals.
 II {¶ 3} Appellant's assignment of error provides the following: "The trial court erred in failing to conduct a proper analysis under R.C. 2929.11 and in failing to impose a term of incarceration that is proportionate to similarly situated offenders." *Page 2 
 III. {¶ 4} Appellant argues in his sole assignment of error that the lower court failed to conduct a proper analysis under R.C. 2929.11. R.C. 2929.11, purposes of felony sentencing; discrimination prohibited, provides the following:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 5} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under S.B. No. 2 unless it finds, by clear and convincing evidence, that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance *Page 3 
of the evidence; it is that evidence which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Patterson, Cuyahoga App. No. 84803,2005-Ohio-2003.
 {¶ 6} Even after State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, a trial court is still required to consider the factors set forth in R.C. 2929.11. In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, decided the same day as Foster, the Supreme Court of Ohio held that the portions of the sentencing code to be considered include the purposes of felony sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. The court must also consider the record, any information presented at the sentencing hearing, any presentence investigation report, and any victim impact statement. R.C. 2929.19(B)(1); Mathis at p. 37. See, also, State v. Miller, Cuyahoga App. No. 87396, 2006-Ohio-4894, at _34.
 {¶ 7} Here, the evidence demonstrates that the lower court acted properly. The journal entry relating to sentencing demonstrates that "[t]he court considered all required factors of the law."[1] In addition, the sentencing transcript reflects that the trial court made the necessary considerations prior to imposing sentence on appellant. The transcript provides the following:
 "Judge: And the thing that concerns me the most about you is that you drove — first of all, you stole a car, then you drove into * * *. It's amazing, you know. You struck three cars at a high rate of speed, causing injury to *Page 4 several people, and then you left the scene. That's what you did.
 You had six prior D.U.I.s before this case. You know, I got to — you may not like my sentence and you may not like what I have to say, but the reality is, if you keep going out driving in a car when you're not allowed to drive in a car, you're going to kill someone.
 The sentencing guidelines tell me that my first and foremost, primary responsibility is to protect the community. And specific instances of D.U.I.s, I feel that when you have six prior D.U.I.s, that you've pled to within the last 20 years, and most of yours were-there was one here in `05, `98, `93, `90, 2002, 2004. Your addiction hasn't gotten any better, and that's clear.
 And then this time when you drove and drank, you actually injured other individuals."[2]
 {¶ 8} The trial judge's statements demonstrate that the court considered the particular facts and evidence involved in appellant's crime. The analysis was done so that the court could mentally place appellant in a group of similar offenders in order to issue an appropriate sentence. In addition, the court speaks though its journal entry. State v. Hlavsa (Oct. 19, 2000), Cuyahoga App. No. 77199. *Page 5 
 {¶ 9} Under Ohio law, judicial fact-finding is no longer required before a court imposes maximum, consecutive, or more than the minimum prison terms. Instead, a trial court is vested with full discretion to impose a prison term within the statutory range. In exercising its discretion, the trial court must carefully consider the statutes that apply to every felony case, including R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of an offender and statutes that are specific to the case itself. Therefore, post-Foster, trial courts are still required to "consider" the general guidance factors in their sentencing decisions; however, there is no requirement that this be done on the record.State v. Dismukes, Cuyahoga App. No. 89169, 2007-Ohio-5847.
 {¶ 10} The sentencing journal entry clearly shows that the court considered all of the purposes of felony sentencing because the entry states "all required factors of the law" were considered. Moreover, appellant failed to provide any cases or additional data to support his position that a five-year sentence in this particular situation is disproportionate to sentences for similarly situated offenders.
 {¶ 11} We find no error on the part of the lower court. We find that the evidence in this case demonstrates that the trial judge considered all relevant and necessary general guidance factors in her sentencing decision before sentencing appellant. *Page 6 
 {¶ 12} Accordingly, appellant's assignment of error is without merit. Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR.
[1] See journal entry of July 23, 2007.
[2] Tr. 21-24. *Page 1